UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINETTE HARDY,<br>    *Plaintiff*, | |
| v. | No. 3:21-cv-1446 (JAM) |
| CASCADE,<br>    *Defendant*. | |

**ORDER TO SHOW CAUSE WHY COMPLAINT
SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Linette Hardy has filed a *pro se* and *in forma pauperis* complaint for defective service against a glass manufacturer named Cascade. Because it appears that the complaint does not allege facts that give rise to plausible grounds to conclude that there is federal jurisdiction, I am issuing this order to show cause for Hardy to file a response explaining why the complaint should not be dismissed.

### BACKGROUND

The complaint alleges that Hardy is a residence of Torrington, Connecticut.[1] The defendant, Cascade, is allegedly a glass manufacturer in Freemont, New Hampshire.[2] As a basis for federal jurisdiction, the complaint alleges that Cascade was acting under color of state law for purposes of 42 U.S.C. § 1983 when it failed to provide Hardy with proper "service and resource."[3]

The complaint alleges the following: Cascade "was sent merchandise to fix and did not properly fix it."[4] In particular, Hardy alleges that she sent a table to Cascade in August 2021 for

---

[1] Doc. #1 at 1 (complaint).
[2] *Ibid*.
[3] *Id*. at 2.
[4] *Id*. at 4.

1

a replacement of a glass portion, Cascade replaced the glass with a new portion that was too small, and the new glass portion broke, costing Hardy $67.99.[5]

## DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for the Court's exercise of jurisdiction as well as for the grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155–56 (D. Conn. 2016).

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

It does not appear to me that the complaint in this case alleges facts to plausibly establish federal question jurisdiction. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

---

[5] *Id.* at 4.

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Hardy alleges that Cascade was required by state law "to have proper service and resource."[6] The mere existence of a legal duty, however, does not suffice to show that a private party is acting under color of state law. To show action under color of state law, a plaintiff must allege that the defendant exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49.

Nor does it appear that the complaint alleges sufficient facts to give rise to diversity jurisdiction under 28 U.S.C. § 1332. Although the complaint alleges that Hardy is a citizen of a different State than Cascade, it alleges damages of only $67.99–well below the $75,000 threshold required for purposes of diversity jurisdiction.

In short, even assuming that the complaint alleges a valid claim for defective service, it does not appear that there is any basis for federal jurisdiction over this action. In the ordinary course, however, a court should not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state my concerns so that Hardy may file a response.

The Court further notes that the return address on the mailing envelope containing Hardy's complaint indicates it was sent by "Clinfton Powell." Hardy is instructed to state in her response whether she is in fact the plaintiff in this proceeding and, if so, why her complaint has been mailed from an address corresponding to that of Mr. Powell.

---

[6] *Id*. at 2.

## CONCLUSION

For the reasons stated above, it appears that the complaint fails to state facts that give rise to plausible grounds for the exercise of federal jurisdiction. If Hardy has grounds to show why her complaint should not be dismissed, she shall file a response to this order to show cause by **November 18, 2021**. In the absence of a timely and satisfactory response, the Court is likely to dismiss the complaint without prejudice to Hardy's re-filing of a complaint in an appropriate state court which may have jurisdiction over this action.

It is so ordered.

Dated at New Haven this 4th day of November 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge